[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12905
Non-Argument Calendar

_____

BIA No. A79-442-959

LULZIM MITAJ,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision
of the Board of Immigration Appeals

_____

**(October 19, 2006)**

Before MARCUS, WILSON and HILL, Circuit Judges.

PER CURIAM:

Petitioner Lulzim Mitaj (Mitaj) filed a timely petition for review of the dismissal by the Board of Immigration Appeals (Board) of the Immigration Court Judge's (IJ) denial of his application for asylum under 8 U.S.C. § 1158(b)(1)(A) (the INA) (for individuals who have suffered persecution in the past, 8 C.F. R. § 208.13(b)(1), or who have a "well-founded fear" that they would be persecuted in the future were they to return to their home country, 8 C.F.R. § 208.13(b)(2)), withholding of removal under 8 U.S.C. § 1231(b)(3)(A) (the INA), and protection under the Convention Against Torture (the CAT).[1] Mitaj petitions this court to reverse or vacate the Board's decision and remand his application for further consideration. The respondent, the Attorney General of the United States, asks that we deny Mitaj's petition for review.

Mitaj is a citizen of Albania. He entered the United States in 2002 and applied for asylum in 2004. Mitaj testified before the IJ that he performed the required Albanian military service in 1997, and joined the Albanian Democratic Party. He described three encounters with members of the Socialist party over a

---

[1] Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment, June 26, 1987, S. Treaty Doc. No. 100-200, 1465 U.N.T.S. 85, *reprinted in* 233 I.L.M. 1027 (1984).

span of five years in support of his petition for asylum.[2]

While the IJ found Mitaj's testimony credible, he found him ineligible for asylum because: (1) the incidents Mitaj described did not amount to persecution on account of a protected ground; and (2) Mitaj did not have a well-founded fear of future persecution were he to return to Albania, in light of the marked improvement in the political and human rights situation there in recent years.

Our standard of review of petitions for review such as these is very limited. Under the INA, the Attorney General's discretionary judgment whether to grant asylum "shall be conclusive unless manifestly contrary to law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D). Furthermore, "the administrative findings of fact [by the IJ] are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

In addition to this, we review the record evidence in the light most favorable to the agency decision and draw all reasonable inferences in its favor. *See Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). The agency has great discretion and we will affirm the agency's decision if it is "supported by

---

[2] The incidents are: (1) in 1997, while serving in the military he was guarding a weapons depot when Socialist Party members attempted to loot the depot, gunfire was exchanged, and Mitaj was wounded in the leg; (2) in 2001, while serving as an elections observer for the Democratic Party, two Socialist Party members approached him, threatened him, hit him in the face, bloodied his nose, and forced him to leave the polling place; and (3) in 2002, three masked plainclothes police officers searched Mitaj's house, took him to the police station and interrogated him overnight.

3

reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* To reverse the agency's factual findings, we must find that the record evidence, not only supports reversal, but compels it. *See INS. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

We have reviewed the record in this case, the IJ decision and the Board's order, together with the briefs and the arguments of counsel contained therein. Under our limited standard of review, we agree with the IJ that none of the three incidents described by Mitaj, that span over a five year time period, either separately or in combination, compel the conclusion that he was persecuted in the past or that he has a well-founded fear of future persecution. *See Elias-Zacarias*, 502 U.S. at 481 n.1.[3] In fact, substantial evidence supports the IJ's decision not to withhold removal under either the INA or the CAT.

Based on the foregoing reasons, Mitaj's petition for review is denied.

**PETITION DENIED.**

---

[3] As to the three incidents: (1) the IJ reasonably found that the 1997 confrontation at the weapons depot was in the performance of Mitaj's military duty, not persecution on account of his political opinion, *see Castillo-Ariasa v. U.S. Att'y Gen.*, 446 F.3d 1190, 1197-98 (11th Cir. 2006); (2) the IJ reasonably found that the 2001 confrontation at the polling place was an effort to interfere with his office duties as an elections observer, rather than a persecution on account of his political opinion, *see Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258-59 (11th Cir. 2006); and (3) the IJ reasonably found that the 2002 overnight detention and questioning by the police was within the ordinary bounds of accepted police conduct and did not rise to the level of persecution. *See Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1291 (11th Cir. 2006).